IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JANET E. KELLER,

              Plaintiff,

      v.

WAL-MART STORES, INC.,
a foreign corporation dba Wal-Mart
Supercenter Store #1834,

              Defendant.

Case No. 1:12-cv-01231-CL

**ORDER**

CLARKE, Magistrate Judge.

This matter comes before the court on defendant's motion for summary judgment (#13) and plaintiff's cross-motion for partial summary judgment (#19). For the reasons stated below, plaintiff's motion for partial summary judgment is DENIED and defendant's motion for summary judgment is GRANTED.

Page 1 -- ORDER

## PROCEDURAL HISTORY

Plaintiff Janet Keller ("plaintiff") originally filed this action on July 9, 2012. The parties executed written consents to entry of judgment by a magistrate judge (#17). Oral argument occurred on September 18, 2013, and the parties submitted supplemental briefing (#34, #35).

## BACKGROUND

Except where noted, the material facts are not in dispute. This wrongful termination action against Wal-Mart Store, Inc. ("Walmart") arises from an incident on May 1, 2011 in which plaintiff was struck on the head and right shoulder by a box while helping to unload merchandise from a truck. Dep. Janet Keller, 16. At the time of the incident plaintiff was an employee of Walmart and the incident occurred on Walmart's premises.

Plaintiff began working for Walmart in 2007, when she was hired at the Walmart store in Grants Pass, Oregon. At her new hire orientation plaintiff received a copy of Walmart's Drug-Free Workplace Policy ("2006 Policy") and acknowledged her receipt of the policy on July 24, 2007. Dkt. #14, 4.[1]

---

[1] The 2006 Policy states in pertinent part:
> No prescription drug should be used by any person other than the individual to whom it is prescribed. Such substances or non-prescription (over-the-counter) drugs should be used only as prescribed or indicated. An Associate who consumes a prescription drug that is not prescribed in their name is subject to disciplinary action, up to and including termination...
> Associates who fail a drug test will be terminated where state laws allow, and are not eligible for rehire...
> Compliance with the Alcohol and drug abuse policy is a condition of continued employment with Wal-Mart. The execution and enforcement of this policy will follow set procedures to screen bodily substances and/or bodily fluids of all applicants and Associates for drug and/or alcohol use. A complete copy of the policy and procedures for testing is available for review by any associate. **Neither this policy nor any of its terms are a contract for employment or contain the terms of any contract of employment. Wal-Mart retains the sole right to change, amend or modify any term or provision of this policy.**

Dkt. #15, 6 (emphasis in original).

Page 2 – ORDER

Walmart updated its Drug-Free Workplace Policy effective March 15, 2011, and posted a notice of the revised policy ("2011 Policy") next to the time clock that its employees use to punch in and out.[2] Both the 2006 Policy and the 2011 Policy advised that employees would be subject to a drug test when involved in an accident or injury at work.[3] Both policies also stated that no prescription drug should be used by anyone other than the individual to whom it is prescribed and used only as prescribed, and warned that use of a prescription drug in violation of the policy could result in disciplinary action, up to and including termination. Both policies contain a disclaimer in bold typeface stating that Walmart may modify the terms of the policy at its discretion without notice and at any time.

After the May 1, 2011 incident, plaintiff did not immediately request medical attention; rather, she filled out an accident report and left work at her scheduled time of 9:00 p.m. Dep.

---

[2] Plaintiff states that she never saw the change of policy notice, and that the notice was not posted in a location where it was certain to be seen by each employee. Pl.'s Reply (#18), ¶¶18-19. For the purposes of adjudicating Walmart's Motion for Summary Judgment, the court takes plaintiff's statement as true.

[3] The 2011 Policy states in pertinent part:
While employed by Walmart, you are prohibited from engaging in any of the following activities: ... [u]sing a prescription drug without a valid prescription for the drug, unless a valid medical explanation is approved by the Medical Review Officer[;] ... [u]sing a prescription drug ... for any condition other than the condition for which the drug was prescribed, or for failing to follow the prescribed instructions for using the drug.
Decl. Campbell, Ex. C. The 2011 Policy also provides that employees "must submit to a drug/alcohol screen if you: [s]uffer an injury at work that requires medical treatment from an outside health care provider[.]" *Id.* The Policy defines a "positive drug screen" as "one in which the applicant or associate is found to have any of the following in his/her system: [a]ny prescription drug when used ... [w]ithout a valid prescription." *Id.* The last page of the 2011 Policy contains the following disclaimer in bold typeface:
This information does not create an express or implied contract of employment or any other contractual commitment. Walmart may modify this information at its sole discretion without notice, at any time consistent with applicable law. Employment with Walmart is on an at-will basis, which means that either Walmart or the associate is free to terminate the employment relationship at any time for any or no reason, consistent with applicable law.
*Id.*

Page 3 -- ORDER

Janet Keller, 17-18. Later that evening, experiencing pain in her head and shoulder, plaintiff took half of a pill that she believed to be codeine. *Id.* at 19. Plaintiff testified that the pain pill was left over from a surgery she underwent in 2000, and was kept in a hand-labeled envelope without any prescription information. *Id.* at 20. At the time of her deposition, plaintiff did not recall the name of the prescribing physician. *Id.* at 20-22.

On May 2, 2011, plaintiff called to tell her supervisor that she needed to see a doctor. Plaintiff then reported to her work site where a manager accompanied her to Valley Immediate Care. Plaintiff was examined by a doctor who prescribed Vicodin and Flexeril and released plaintiff to return to light duty work on May 5, 2011. Dep. Janet Keller, 25. Plaintiff also filled out a worker's compensation form, which was later approved for compensation. Walmart provided plaintiff with full worker's compensation benefits until she was released by her doctor. Decl. Virginia Leeper, Ex. F.

Plaintiff informed her manager that she had taken pain medication. Dep. Janet Keller, 33. Plaintiff submitted to a drug test at Valley Immediate Care.[4] *Id.* at 36. The test was positive for oxycodone and oxymorphone, both Schedule II controlled substances. Decl. Sylvia Campbell, Ex. D. Walmart requested, and plaintiff failed to produce, a valid prescription for either substance. Decl. Sylvia Campbell. On May 19, 2011, Walmart terminated plaintiff's employment, stating that her positive drug test and failure to produce a valid prescription violated Walmart's drug free workplace policy.

---

[4] In her supplemental briefing, plaintiff argues that Walmart's use of the drug test was improper, citing *State ex rel. Ohio AFL-CIO v. Ohio Bur. of Workers' Comp.*, 97 Ohio St. 3rd 504 (Oh. 2002) and *Twigg v. Hercules Corp.*, 185 W. Va. 155 (W. Va. 1990). After careful review of the record, the court can find no evidence that plaintiff was forced to submit to a drug test against her will. *See, e.g.* Dep. Janet Keller, 36; Pl.'s Response, 3. Thus, *Twigg* is not applicable. Moreover, because Walmart did not use the drug test results to bar plaintiff's claim to worker's compensation, *State ex rel. Ohio AFL-CIO* is inapplicable as well.

Page 4 – ORDER

Plaintiff now brings claims against Walmart under O.R.S. § 659A.040 and for wrongful discharge, arguing that she was terminated in retaliation for her worker's compensation claim. Walmart has filed a motion for summary judgment on all of plaintiff's claims, and plaintiff has filed a cross-motion for partial summary judgment.[5]

## SUMMARY JUDGMENT

The court must grant summary judgment if there is no genuine issue of material fact for trial and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The court views the evidence in the light most favorable to the non-moving party and draws "all justifiable inferences" in that party's favor. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (*quoting Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting* FED. R. CIV. P. 56(e)). Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (*quoting Angel v. Seattle-First Nat'l Bank*, 653 F.2d 1293, 1299 (9th Cir. 1981)).

## DISCUSSION

This is a diversity action under Oregon law. The substantive law governing a claim or defense determines whether a fact is material. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*

---

[5] Plaintiff's Complaint (#1) includes a claim for violation of Oregon's Family Leave Act, which plaintiff has since conceded. *See* Pl.'s Reply, 6. Plaintiff's cross-motion seeks summary judgment on all of her claims excluding the Family Leave Act claim.

Page 5 – ORDER

*Ass'n*, 809 F.2d 626, 630 (9th Cir.1987). The court thus applies Oregon law to adjudicate plaintiff's motion for summary judgment on her wrongful termination claim and her claim that Walmart violated Oregon's injured workers' law, O.R.S. § 659A.040.[6] Oregon's injured workers' law provides that it is "an unlawful employment practice for an employer to discriminate against a worker with respect to ... any term or condition of employment because the worker has applied for [worker's comp]." Similarly, Oregon courts recognize the tort of wrongful discharge when an employer's motive for discharging an employee harms or interferes with an important interest of the community—here, the right to file a claim for workers' compensation. *Nees v. Hocks*, 272 Or. 210 (Or. 1975). Both of plaintiff's claims thus turn on essentially the same issue: did Walmart discriminate against plaintiff in the terms of her employment for invoking the workers' compensation system?[7]

## I. Elements of a Prima Facie Case

This court applies the burden shifting analysis of *McDonnell Douglas* for claims brought under O.R.S. § 659A. *Snead v. Metropolitan Property & Casualty Insurance*, 237 F.3d 1080, 1090–94 (9th Cir. 2001) (holding that, while Oregon courts do not follow the *McDonnell Douglas* burden-shifting approach, the Oregon rule is not outcome-determinative and thus the burden-shifting approach is appropriate in the Ninth Circuit). Pursuant to *McDonnell Douglas*, plaintiff has the initial burden to establish a prima facie case of discrimination. To establish a prima facie case, plaintiff must present sufficient admissible evidence to raise an inference that

---

[6] The statute applies to Walmart as an employer of six or more employees. *Id.* at (2).
[7] Compare plaintiff's claim under Oregon's injured workers' law (alleging that she was terminated for invoking the workers' compensation system) and plaintiff's wrongful discharge claim (alleging that Walmart terminated her for "pursuing employment related rights which were an important public interest;" namely, for filing a workers' compensation claim). *See* Compl. 4-5.

misconduct occurred, but need not prove actual discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, (1973).

To establish a prima facie case under O.R.S. § 659A.040 plaintiff must show that she (1) invoked the workers' compensation system; (2) was discriminated against in the tenure, terms or conditions of employment; and (3) that the employer discriminated against the plaintiff in the tenure or terms of employment because she invoked the workers' compensation system. *Kirkwood v. Western Hyway Oil Co.*, 204 Or. App. 287, 293 (Or. App. 2006). If the plaintiff satisfies the elements of a prima facie case of discrimination, the burden shifts to the defendant to produce evidence of a legitimate, non-discriminatory reason for the adverse employment action.

Here, in order to establish the causal link of the prima facie case, plaintiff must show that her worker's compensation claim was a "substantial factor," or "a factor that made a difference," in Walmart's decision to terminate her. *Lewis v. Wal–Mart Stores, Inc.*, 2009 WL 3462056 at *9 (D. Or. 2009). Proof needed to defeat summary judgment at the prima facie level is "minimal and does not even need to rise to the level of a preponderance of the evidence." *Id*; *see also Schnidrig v. Columbia Mach.*, 80 F.3d 1406, 1410 (9th Cir. 1996), *cert denied*, 519 U.S. 927 (1996). However, the mere fact that a plaintiff filed a claim for a work injury, and a negative employment act occurred, does not in itself create a genuine factual issue of discrimination. *Hardie v. Legacy Health System*, 167 Or. App. 425, 433, (Or. App. 2000) (overturned on other grounds as stated in *Lansford v. Georgetown Manor, Inc.*, 192 Or. App. 261 (Or. App. 2004); *Coszalter v. City of Salem*, 320 F.3d 968, 978 (9th Cir. 2003) (timing alone does not support inference of discrimination; additional evidence of surrounding circumstances must support such an inference).

### A. Plaintiff's Evidence

Plaintiff has satisfied the first two elements of the prima facie case; the issue is thus whether plaintiff produced any evidence from which a jury could infer that Walmart fired her because she invoked the workers' compensation system. To do so, plaintiff must produce some evidence of a causal link between her workers compensation claim and Walmart's decision to terminate her employment. Put another way, plaintiff must produce some evidence that her workers' compensation claim was a "substantial factor" in Walmart's termination decision. *See Estes v. Lewis and Clark Coll.*, 152 Or. App. 372, 381 (Or. App. 1998).

Plaintiff asks the court to find that her worker's compensation claim was a "substantial factor" in Walmart's decision to terminate her employment, citing *Lewis v. Wal-Mart Stores, Inc.*, 2009 WL 3462056 at *9. The plaintiff in *Lewis* brought an employment discrimination action against Wal-Mart, who then moved for summary judgment. *Lewis* held that the plaintiff's claim could survive summary judgment because she had presented sufficient evidence that her utilization of the workers' compensation system was a "substantial factor" that caused her termination. That evidence consisted of allegations that plaintiff was arbitrarily disciplined and suffered hostile treatment and other apparently groundless disciplinary actions after filing a workers' compensation claim. *Id.*

By contrast, although plaintiff in this case was terminated shortly after filing a claim for worker's compensation, she has simply not offered any additional evidence that her claim for worker's compensation was a "substantial factor" in Walmart's termination decision. Walmart has offered, and plaintiff does not contest, evidence that plaintiff tested positive for controlled substances, failed to produce a valid prescription, and violated Walmart's Drug Abuse Prevention Policy. While plaintiff correctly points out that she would not have been asked to

take a drug test had she not filed a claim, this evidence without more is insufficient to create an inference that her decision to file a claim caused Walmart's termination action. *See Coszalter*, 320 F.3d at 978 (plaintiffs must present evidence of discrimination "[b]eyond the bare facts of timing").

### B. Pretext

Plaintiff also argues that the record creates a question of fact whether her violation of the 2011 Policy was a pretext for her termination. The court rejects this argument. Because plaintiff fails to allege a prima facie case of discrimination, Walmart is not required to present a legitimate, non-discriminatory reason for her termination. *See McDonnell Douglas Corp.*, 411 U.S. at 802–04. Thus, whether Walmart's reference to the 2011 Policy was a pretext for their termination decision is immaterial.

Moreover, even assuming that plaintiff has established a prima facie case of discrimination, plaintiff's pretext argument fails. Once the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* If the defendant is successful, then the burden returns to the plaintiff to show by a preponderance of the evidence that the alleged legitimate, nondiscriminatory reason for the employment action is merely a pretext for discrimination. *Id.;* *See also Kotelnikov v. Portland Habilitation Center*, 545 F.Supp. 2d 1137, 1139 (D. Or. 2008).

Walmart has offered a legitimate, non-discriminatory reason for terminating plaintiff's employment. Walmart states that plaintiff was terminated because she failed a drug test and failed to produce a valid prescription for oxycodone and oxymorphone, thus violating Walmart's Drug Abuse Prevention Policy. O.R.S. § 659A.127 provides that employers are permitted to terminate employees who violate drug-free workplace policies. As noted, plaintiff indicated

Page 9 – ORDER

acceptance of the 2006 Policy, which contained a disclaimer stating that Walmart retained the right to modify its Drug Abuse policy at any time, and that the 2006 Policy did not constitute a contract for employment. Walmart's 2011 Policy clearly proscribes the use of prescription drugs without a valid prescription or under medical supervision. Plaintiff does not contest that she tested positive for oxycodone and oxymorphone after her May 2, 2011 drug test. Plaintiff thus violated Walmart's 2011 Policy, because she did took a prescription drug while employed at Walmart without a valid prescription. The 2011 Policy had been in effect for several months as of May 2, 2011. Therefore, when plaintiff violated the terms of the 2011 Policy she was properly subject to disciplinary action.[8]

To establish pretext, a plaintiff must present evidence above and beyond that required to state a prima facie case. *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220-22 (9th Cir. 1998). As the Supreme Court has held, "the plaintiff may establish pretext 'either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.'" *Id.* (quoting *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981)). Where the plaintiff presents direct evidence of pretext, the evidentiary requirement is minimal; where the plaintiff presents indirect evidence, it must be specific and substantial. *Id.* at 1222. Here, plaintiff offers no direct evidence of pretext, and her indirect evidence fails to show that Walmart's proffered explanation is "unworthy of credence." *See id.* at 1220.

Plaintiff argues that Walmart's drug abuse prevention policy is a pretext because the 2011 Policy did not apply to her. The court rejects this argument. As an initial matter, plaintiff

---

[8] Moreover, plaintiff arguably violated the 2006 Policy because she took a prescription drug and failed to use it "only as prescribed or indicated." *See* Dkt. #16. Whether she violated the 2006 Policy is, however, immaterial because plaintiff had notice that Walmart could change its Drug Abuse Policy at any time. *See id.*

Page 10 – ORDER

was an at-will employee at Walmart. Notwithstanding the existence of a workers' compensation claim, an employer may discharge an at-will employee at any time and for any reason, so long as the discharge is not motivated by the claim. *Vaughn v. Pacific Northwest Bell Telephone*, 289 Or. 73, 91 (Or. 1980). Walmart was thus entitled to terminate plaintiff's employment at any time and for any non-discriminatory reason. Even assuming that Walmart was not entitled to enforce the 2011 Policy, Walmart had additional reason to terminate plaintiff's employment. For example, Walmart believes plaintiff violated O.R.S. § 659A.124, which provides that it is illegal to use drugs which are unlawful under the state or federal Controlled Substances Act unless taken under the supervision of a licensed health care professional. Plaintiff could not produce a valid prescription for the pain pill that she took the evening of May 1, 2011, and was not under the supervision of a licensed health care professional when she consumed Class II controlled substances. Walmart thus had multiple legitimate reasons to terminate plaintiff's employment. There is simply no specific, substantial evidence in the record to suggest that Walmart's action was a pretext for discrimination.

Proof needed to defeat summary judgment at the prima facie level "is minimal and does not even need to rise to the level of a preponderance of the evidence," *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994). Even on this minimal standard, plaintiff has not alleged sufficient facts that could lead a rational jury to believe that Walmart discriminated against her because she invoked the workers' compensation system. In sum, while plaintiff has alleged a correlation in time between her worker's compensation claim and Walmart's termination of her employment, she has offered no evidence of discrimination. *See Hardie*, 167 Or. App. at 433. For these reasons, plaintiff also fails to present specific facts showing that there is a genuine

issue for trial in her response to Walmart's motion. *Matsushita,* 475 U.S. at 587. The court thus grants Walmart's motion for summary judgment.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for partial summary judgment is DENIED, and defendant's motion for summary judgment is GRANTED.

IT IS SO ORDERED.

DATED this 21 day of October, 2013

MARK D. CLARKE
United States Magistrate Judge